58 CCPA

**AMERICAN CUSTOMS BROKG. CO.,
Inc., a/c Hamakua Mill Co.,
Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5394.**

United States Court of Customs and
Patent Appeals.

Dec. 3, 1970.

---

Glad & Tuttle, San Francisco, Cal., attorneys of record, for appellant. Edward N. Glad, San Francisco, Cal., of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Robert Blanc, New York City for United States.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

LANE, Judge.

This appeal is from the decision and judgment of the Customs Court, 63 Cust. Ct. 385, C.D. 3923 (1969), which overruled appellant's protest to the classification of imported merchandise under item 661.90 of the Tariff Schedules of the United States. We affirm.

Appellant contends that the classification of the merchandise as parts of centrifuges under item 661.90 was incorrect, and that the merchandise was properly classifiable under item 666.20, duty-free, as parts of sugar-making machinery. It is undisputed that the merchandise would be properly classifiable under item 666.20 but for the possible invasionary effect of item 661.90. This invasionary effect arises from headnote 1 to Subpart A of Part 4 of Schedule 6:

> A machine or appliance which is described in this subpart [which includes item 661.90] and also is described elsewhere in this part [e. g., item 666.20] is classifiable in this subpart.

Thus the issue here is whether or not item 661.90 describes the merchandise in question. We hold that it does.

Item 661.90 appears as follows:

> Centrifuges; filtering and purifying machinery and apparatus (other than filter funnels, milk strainers, and similar articles), for liquids or gases; all the foregoing and parts thereof:
>
> Centrifuges and parts thereof:
>
> Cream separators:
>
> \*    \*    \*    \*    \*    \*
>
> 661.90  Other ..........11.5% ad val.

The merchandise here consists of parts of sugar centrifugals, which are rotary machines containing a drum or basket. Massecuite, a heavy, viscous mixture of sugar crystals and molasses, is fed into the basket. Rotation of the basket sets up centrifugal forces, moving the massecuite outward to a surrounding screen, which passes nearly all the molasses and holds the sugar crystals. After washing the remaining molasses away with hot water, an automatic knife scrapes the sugar from the screen. The sugar drops

through an opening in the bottom of the screen into a conveyor.

The Customs Court held that such centrifugals were one type of "centrifuge" in the ordinary usage of that term, appellant not having contended that there was a different meaning in the industry. In reaching its conclusion, the Customs Court relied principally on the definitions recited in various general dictionaries, typical of which was that contained in *The American College Dictionary* (1956):

> centrifuge—n. a machine consisting of a rotating container in which substances of different densities may be separated by the centrifugal force.

Appellant, while still contending that its position is not based on a special meaning in the sugar industry, complains that the Customs Court should have used technical, rather than general, reference works to determine the meanings of "centrifuge" and "centrifugal" and to determine whether the former includes the latter. Appellant stresses the fact that the *McGraw Hill Encyclopedia of Science and Technology* (1960) sets forth "centrifugal filters," including machines of the type here in question, and "centrifuges" as mutually exclusive terms, the generic term being "centrifugal equipment."

We fail to see how the Customs Court's failure to quote technical reference works can aid appellant in this case. As pointed out by the government, the McGraw Hill reference, while listing the "continuous, solid bowl-conveyor type" of machine as a centrifugal filter in the chart urged upon us by appellant, refers elsewhere to this same type of machine as a centrifuge. The McGraw Hill reference thus does not maintain a consistent line of demarcation between centrifugal filters and centrifuges. Moreover, as further pointed out by the government in its brief, other technical references indicate that "centrifuge" is broad enough to encompass the sugar centrifugal. For example, the authoritative Kirk-Othmer *Encyclopedia of Chemical Technology* vol. 3 (1949) states, at page 501: "A centrifuge (*or 'centrifugal'*) is a machine that subjects material to a high centrifugal field by rotating it rapidly." (Emphasis ours.) This encyclopedia goes on to describe, at pages 510–512, the "basket centrifuge," an important application of which is said to be "in the manufacture of cane sugar." One of the machine's functions is stated as follows: "The final mixture of molasses and refined crystals, also known as massecuite, is spun to produce granulated sugar." It is obvious that the "basket centrifuge" is the same type of machine described by appellant's witnesses as a "sugar centrifugal," and that "centrifuge" and "centrifugal" are not used in mutually exclusive senses, but quite the contrary; they are used interchangeably.

Appellant further urges that the Customs Court's decision is contrary to the Congressional intent as revealed by the *Tariff Classification Study,* which states at page 266:

> " *  *  * Item 666.20 would continue, without change, the existing provision in paragraph 1604 under which such machinery for use in the manufacture of sugar and parts thereof would be free of duty."

Regardless of what may have been intended by item 666.20, we cannot ignore the fact that the invasionary headnote to subpart A is applicable to all of part 4, including item 666.20. We cannot use an indication of Congressional intent alone to overcome the clear meaning of the words of a statute. That the meaning of "centrifuge" clearly encompasses the instant merchandise has been shown by overwhelming evidence.

We find no error in the Customs Court's decision, and the judgment is affirmed.

Affirmed.