(C.D. 4339)

CASTLE & COOKE, INC. *v.* UNITED STATES

(Decided March 8, 1972)

*Glad & Tuttle (Edward N. Glad* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Patrick D. Gill,* trial attorney), for the defendant.

WATSON, Judge: Defendant has moved for summary judgment in this action pursuant to Rules 4.12 and 8.2 of the rules of this court. The merchandise involved is described in the invoice papers as "3 SPEED STATOR FOR SUGAR CENTRIFUGAL MOTOR" and was classified pursuant to item 682.60 of the Tariff Schedules of the United States, as modified by T.D. 68–9, providing for other electrical motors and parts thereof, dutiable at the rate of 12 per centum ad valorem.[1] Plaintiff claims classification pursuant to item 666.20, free of duty as parts of machinery for use in the manufacture of sugar.

In response to defendant's request for admissions, plaintiff has admitted that the importation is part of an electrical motor which motor is not under 1/40 horsepower. Defendant asserts, in effect, that this admission leaves no material issue of fact to be litigated and judgment overruling the protest is warranted as a matter of law.

I am in agreement with the position taken by defendant. Even if I grant the fact that the importation is a part of machinery for use in the manufacture of sugar, it is excluded from the coverage of that provision by virtue of headnote 1(v) of schedule 6, part 4, which expressly provides that the part of the tariff schedules which contains the claimed provision does not cover articles and parts of articles specifically provided for elsewhere. Thus the provision for sugar machinery must yield to specific provisions which cover the importation in question. *Great Western Sugar Co., Railway Express Agency, Inc.* v. *United States,* 64 Cust. Ct. 127, C.D. 3971 (1970), aff'd, 59 CCPA 56, C.A.D. 1038 (1972). Cf. *Amalgamated Sugar Company* v. *United States,* 60 Cust. Ct. 268, C.D. 3361, 281 F. Supp. 373 (1968); *American Customs Brokg. Co., Inc., a/c Hamakua Mill Company* v. *United States,* 63 Cust. Ct. 385, C.D. 3923 (1969), aff'd, 58 CCPA 45, C.A.D. 1002, 433 F.2d 1340 (1970).

The provision for electric motors and parts thereof is manifestly such a specific provision as will deny the importation classification as parts of sugar machinery in keeping with the exclusionary language of headnote 1(v), *supra.*

Furthermore, even in the absence of such a headnote, the provision for parts of electric motors would still be preferred on grounds of its greater specificity in accordance with General Interpretative Rule

---

[1] The liquidation was made less than 60 days after appraisement. In this regard I adhere to the view set out in *John V. Carr & Son, Inc.* v. *United States,* 66 Cust. Ct. 316, C.D. 4209, 326 F. Supp. 973 (1971), and consider the liquidation and the protest based thereon valid.

10(ij) of the tariff schedules' General Headnotes and Rules of Interpretation. This rule provides that a provision for "parts" of an article does not prevail over a specific provision for such part. As between competing provisions for "parts" the one which provides for parts of *that article of which the importation is most immediately a part* is a "specific provision." *C. F. Liebert* v. *United States*, 60 Cust. Ct. 677, C.D. 3499, 287 F. Supp. 1008 (1968). The importation is part of a motor before it is part of sugar machinery. Hence from a standpoint of logic and order, it is more intimately associated with the motor and more fittingly classifiable as a part thereof.

Contrary to the assertion in plaintiff's opposition to defendant's motion, it is immaterial whether the importation is part of a general purpose or special purpose motor. Both types will fall within the appropriate provisions for motors irrespective of their purpose. *Acec Electric Corp.* v. *United States*, 66 Cust. Ct. 390, C.D. 4220 (1971) (appeal pending).

Finally, there are no issues herein regarding the nature of the articles covered by item 661.90, providing for other centrifuges and parts thereof. That provision was not involved in the classification or claim.

For the above reasons, defendant's motion for summary judgment overruling the protest and affirming the classification is granted.

Judgment will be entered accordingly.