(C.D. 3807)

THE AMERICAN IMPORT CO.
WHEELER & MILLER ET AL. } *v.* UNITED STATES

---

United States Customs Court, First Division

(Decided April 29, 1969)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg*, trial attorney), for the defendant.

Before WATSON, MALETZ, and NEWMAN, Judges

NEWMAN, Judge: The issue presented in these two consolidated protests is the proper tariff classification of certain wooden gunracks imported from Japan. In each of these cases, the gunracks were assessed with duty by the customs officials at the same rate, 16% per centum ad valorem, but under different provisions of the Tariff Schedules of the United States (TSUS). The gunracks in protest 65/9512 were classified as articles not specially provided for, of wood, under item 207.00, TSUS, and those in protest 66/10924 were classified as household utensils not specially provided for, of wood, under item 206.97, TSUS. Plaintiffs claim that the proper classification for the involved gunracks is under the provision of item 727.35, TSUS, for wood furniture, not specially provided for, other than chairs, dutiable at the rate of 10.5 per centum ad valorem.

The pertinent tariff provisions are quoted below:

Classified under:

Schedule 2, part 1, subpart E, Tariff Schedules of the United States:

> Household utensils and parts thereof, all the foregoing not specially provided for, of wood:
>
> \*   \*   \*   \*   \*   \*   \*

206.97     Other _____ 16⅔% ad val.

Schedule 2, part 1, subpart F, Tariff Schedules of the United States:

207.00     Articles not specially provided for, of wood_ 16⅔% ad. val.

Claimed under:

Schedule 7, part 4, subpart A, Tariff Schedules of the United States:

> Furniture, and parts thereof, not specially provided for:
>
> \*   \*   \*   \*   \*   \*   \*
>
> Of wood:
>
> \*   \*   \*   \*   \*   \*   \*
>
> Other:
>
> \*   \*   \*   \*   \*   \*   \*

727.35                Furniture other than chairs__ 10.5% ad val.

Subpart A headnotes:

1. For the purposes of this subpart, the term "furniture" includes movable articles of utility, designed to be placed on the floor or ground, and used to equip dwellings, offices, restaurants, libraries, schools, churches, hospitals, or other establishments, aircraft, vessels, vehicles, or other means of transport, gardens, patios, parks, or similar outdoor places, even though such articles are designed to be screwed, bolted, or otherwise fixed in place on the floor or ground; and kitchen cabinets and similar cupboards, seats and beds, and sectional bookcases and similar sectional furniture, even though designed to be fixed to the wall or to stand one on the other; \* \* \*

\*   \*   \*   \*   \*   \*   \*

Since the tariff provision claimed by plaintiffs is more specific than either of the provisions under which the merchandise was classified by the customs officials, the sole issue for our determination is whether the involved gunracks are "furniture' within the purview of item 727.35.

The pertinent facts are not in dispute, and may be briefly summarized:

The gunracks in this case are used in the home for the storage and display of guns, and are styled and finished to blend with existing furniture. They include such features as scalloping, smooth finishing, felting for the protection of the piece itself, and walnut or natural coloring. The articles each hold from two to four guns; and with the

exception of one upright model, they are designed to be hung by hooks on the wall. Thus, the upright model holds four guns, is designed to stand on the floor in the corner of the room, and has a locking device as a safety feature. The wall hung models are represented or illustrated by plaintiffs' exhibits 1, 2, and 3, and the upright floor model by plaintiffs' exhibit 4. It appears that the gunracks are sold by plaintiffs to the sporting goods trade and to large retail chain stores.

In support of their claim under item 727.35, TSUS, plaintiffs rely upon *Hurricane Import Co. et al.* v. *United States*, 55 Cust. Ct. 210, C.D. 2577 (1965), decided under the Tariff Act of 1930, and also the statutory definition of furniture set forth in headnote 1, subpart A, part 4, schedule 7, TSUS, which includes "sectional bookcases and similar sectional furniture." It is defendant's position that the gunracks are not "furniture," either within the common meaning of that term or within the purview of the headnote, but are sporting goods accessories.

Hence, there is no dispute that the merchandise is dutiable as claimed by plaintiffs if it is furniture, either within the common meaning of the term (as enunciated in past decisions of this court), or within the headnote definition. It is clear that the latter, by use of the word "includes" followed by several enumerations, was merely intended by Congress to extend the meaning to be ascribed to the term "furniture," and not to restrict its meaning as judicially determined. Cf. *United States* v. *Kimball Dental Mfg. Co.*, 19 CCPA 353, T.D. 45501 (1932) ; *Carlowitz* v. *United States*, 2 Ct. Cust. Appls. 172, T.D. 31681 (1911). Therefore, if the gunracks are within the common meaning of the term furniture, it becomes unnecessary to consider plaintiffs' additional contention that they are within the purview of the language "sectional bookcases and similar sectional furniture" in the headnote.

The question of whether wooden gunracks are furniture within the common meaning of the term has previously been resolved in two cases : *Hurricane Import Co. et al.* v. *United States*, 55 Cust. Ct. 210, C.D. 2577 (1965) ; and *Hurricane Import Co. et al.* v. *United States*, 62 Cust. Ct. 194, C.D. 3728 (1969). In both decisions the gunracks were held properly dutiable as furniture, rather than as manufactures of wood under paragraph 412 of the Tariff Act of 1930, as modified. The gunracks presently under consideration are the same in all material respects as those previously before us; and in point of fact, exhibits 1 and 2 are the identical articles involved in our recent decision (C.D. 3728). Moreover, exhibit 4 is substantially the same as the upright corner gunrack (item 1104–W) involved in the earlier case (C.D. 2577).

As in the last *Hurricane* case (C.D. 3728), defendant emphasizes the absence of a drawer to distinguish the present gunracks from those in-

volved in the first *Hurricane* case (C.D. 2577). True it is that such distinction exists, inasmuch as the gunracks in this case have no drawer. However, defendant is unable to advance any cogent reason why the absence of a storage drawer should affect the classification of the gunracks as furniture, and we are unaware of any authority for the Government's position.

In our last decision, we concluded that the absence of a drawer from the gunracks was not a significant factor in determining whether they were classifiable as furniture. There, we adverted to *Fabry Associates, Inc.* v. *United States*, 45 Cust. Ct. 88, C.D. 2203 (1960) (shelves for books, decorative items, radios, plants, etc. some with drawers and some without, which were atached to the wall), and *Furniture Import Corp.* v. *United States*, 56 Cust. Ct. 125, C.D. 2619 (1966) (wall cabinets designed to hold objects for display, and a bracket and shelf combination designed to hold decorative items or other objects). It was held, in those two cases, that the articles were dutiable as furniture. We then stated in *Hurricane* (C.D. 3728) :

> Plainly then, as in *Hurricane Import* [C.D. 2577], these gunracks served a utilitarian as well as a decorative purpose in storing and displaying a sportsman's or collector's guns. These importations, consequently, fall squarely within the common understanding of the term "furniture" under paragraph 412, *supra*, as previously enunciated by this Court; and the presence or absence of drawers on the racks is immaterial to this determination. While it is true that the absence of a drawer does make these racks "different" from the racks in *Hurricane Import*, it is not a difference of such substance as to remove these importations from the class of items known as furniture.

We are clear that the gunracks in this case, as those in the prior *Hurricane* cases, served a utilitarian as well as decorative purpose in storing and displaying a sportsman's or collector's guns. We deem our prior decisions *stare decisis* of the issue presented herein. Following our holdings in the two *Hurricane* cases, *supra*, we conclude that the imported articles are within the common meaning of the term "furniture," and the presence or absence of drawers is of no consequence in such classification.

Accordingly, we hold that these gunracks are properly dutiable as furniture within the purview of item 727.35 of the Tariff Schedules of the United States, as claimed by plaintiffs.

The protests are sustained, and judgment will be entered accordingly.