(C.D. 4334)

ALBERT E. PRICE, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 28, 1972)

*Allerton deC. Tompkins* for the plaintiff.

*L. Patrick Gray III,* Assistant Attorney General (*Robert Blanc,* trial attorney), for the defendant.

Before WATSON and MALETZ, Judges, and WILSON, Senior Judge

WATSON, Judge: This protest places in issue the classification of merchandise invoiced as "Thoma-Wood Wall Spice Set wood cabinet with louver door hutch with two drawers at bottom". The merchandise was exported from Japan and imported at the port of Philadelphia in 1967. It was classified as household utensils of wood pursuant to item 206.97 of the TSUS, dutiable at the rate of 16⅔ per centum ad valorem.

Plaintiff claims it is properly classifiable pursuant to item 727.35 of the TSUS as other wood furniture dutiable at the rate of 10.5 per centum ad valorem. The relevant statutory and headnote provisions, read as follows:

> Household utensils and parts thereof, all
> the foregoing not specially provided for,
> of wood:
>
> \*     \*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| 206.97 | Other _____ | 16⅔% ad val. |

Furniture, and parts thereof, not specially provided for:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Of wood:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Other:

| | | |
|---|---|---|
| 727.35 | Furniture other than chairs_ | 10.5% ad val. |

Headnote 1, schedule 7, part 4A:

1. For the purposes of this subpart, the term "furniture" includes movable articles of utility, designed to be placed on the floor or ground, and used to equip dwellings, offices, restaurants, libraries, schools, churches, hospitals, or other establishments, aircraft, vessels, vehicles, or other means of transport, gardens, patios, parks, or similar outdoor places, even though such articles are designed to be screwed, bolted, or otherwise fixed in place on the floor or ground; and kitchen cabinets and similar cupboards, seats and beds, and sectional bookcases and similar sectional furniture, even though designed to be fixed to the wall or to stand one on the other; &ast; &ast; &ast;.

There is no dispute that the articles in question are made of wood and are not of the bentwood type of furniture.

Plaintiff contends the importations are furniture within the meaning of that term in the tariff schedules and particularly as developed in the relevant headnote, citing the inclusion therein of kitchen cabinets and similar cupboards. Defendant argues that the importations are not such articles as are within the scope of the term "furniture".

The importations consist of two models, one, W–1151 being 15¼ x 11¼ x 2¾ inches and the other model W–1152 being 15¼ x 16½ x 2¾ inches. Each consists of shelves enclosed by two louvered doors above two drawers.

The testimony of plaintiff's witness, a buyer and salesman for the plaintiff, establishes that the importations are articles of a decorative and utilitarian nature, used to contain spice jars in the kitchen. In the opinion of plaintiff's witness, this constituted usage as furniture. Defendant's witness, a department store furniture buyer, had never purchased items similar to the importations for sale in his furniture department but has seen similar items in the housewares department or gift department.

It is our view based on the testimony herein and on our understanding of the term "furniture" as used in the tariff schedules that the items in question do not come within the common meaning of the term furniture. We consider the decision in *Sprouse Reitz & Co., Frank P. Dow Co., Inc.* v. *United States*, 67 Cust. Ct. 209, C.D. 4276, 332 F.

Supp. 209 (1971), to be *stare decisis* of the issues presented herein. In that case, spice racks, including one type with drawers, were held to be properly classifiable as other household utensils not specially provided for, of wood, pursuant to item 206.97 of the TSUS, rather than as other furniture, not specially provided for, of wood, pursuant to item 727.35. In that decision Judge Re presented an exhaustive analysis of the term "furniture". We adhere to the views expressed in that case, and in particular, to the approach taken in the case of *Warren Atlantic, Inc.* v. *United States*, 60 Cust. Ct. 36, C.D. 3250, 278 F. Supp. 302, (1968), decided under the Tariff Act of 1930, in which wastebaskets and letter trays were held properly classifiable as manufactures of wood, not specially provided for, and not as furniture. In that decision, the court stated as follows:

> In view of the definitions and the cases cited, it is evident that not all articles, used to equip households and offices, which are utilitarian and not merely ornamental, fall within the term "furniture" as commonly understood and as used in tariff statutes. *Articles of comparatively minor importance so far as personal use, convenience, and comfort are concerned* or which function as accessories, or subsidiary adjuncts to furniture are not deemed to be furniture. [Emphasis supplied.]

We remain of the view that furniture must be of a comparatively substantial nature and fulfill a comparatively important role to come within the scope of that term. Based upon the record herein, we are unable to conclude that the instant spice cabinets are more than household articles of a convenient and useful nature. It does not follow that they are furniture within the common meaning of that term.

Even if we view the headnote definition as intended to expand the scope of the term "furniture", an approach taken in *The American Import Co. et al.* v. *United States*, 62 Cust. Ct. 486, C.D. 3807 (1969), the inclusion of the imported articles is still not warranted. We agree with the opinion expressed in *Sprouse Reitz & Co., Frank P. Dow Co., Inc.* v. *United States, supra*, that "it would be farfetched to say that they are kitchen cabinets and similar cupboards." Furthermore, we continue to be impressed in the same manner as in the *Sprouse Reitz* case by the similarity of the headnote provision herein to the definition of furniture contained in the explanatory notes to the Brussels Nomenclature 1955, Vol. III, pages 1145–1146 (1964), a definition which goes on to specifically exclude "small articles of cabinetwork".

We are further of the view that the headnote discussion of furniture was, on its face, intended to certify the inclusion of furniture which was permanently fastened to the premises, either on the floor or on the walls, as opposed to furniture which was movable at will. In this respect, kitchen cabinets and similar cupboards were mentioned as

examples of furniture which were capable of permanent placement. The mention of kitchen cabinets was *not* intended to expand the term "furniture" to articles of lesser substantiality than full size, genuine kitchen cabinets.

While it is true the importations at bar have doors covering the shelves unlike those in the *Sprouse Reitz* case, we do not consider this a significant difference. It is the function of the article, not its embellishments and appurtenances, which determines its nature. The importations herein are predominantly similar in nature and use to those which were the subject of *Sprouse Reitz* and we consider that opinion controlling herein.

In light of the above, we hold that plaintiff has failed to prove the correctness of its claimed classification as articles of furniture and the protest must accordingly be overruled.

Judgment will be entered accordingly.