**KURT S. ADLER, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5513.**

United States Court of Customs and Patent Appeals.

May 30, 1974.

**BALDWIN, Judge.**

This appeal is from the decision and judgment of the United States Customs Court [1] dismissing appellant's complaint against the Regional Commissioner's assessment of duty against certain merchandise imported from Czechoslovakia. We affirm.

### The Importations

The importations consist of glass Christmas ornaments packed in boxes, which are comprised of box bottoms, plastic inserts placed in the box bottoms, and box tops. The ornaments and box bottoms were made in Czechoslovakia. The importer purchased the inserts and box tops in West Germany and had them delivered to Czechoslovakia for packaging the ornaments for export.

### The Classification and Statutes

The statutes involved are:

Tariff Schedules of the United States:

*General Headnotes and Rules of Interpretation:*

3. *Rates of Duty.* The rates of duty in the "Rates of Duty" columns numbered 1 and 2 of the schedules apply to articles imported into the customs territory of the United States as hereinafter provided in this headnote:

\* \* \* \* \* \*

(e) *Products of Communist countries.* Notwithstanding any of the foregoing provisions of this headnote, the rates of duty shown in column numbered 2 shall apply to products, whether imported directly or indirectly, of the following countries and areas pursuant to section 401 of the Tariff Classification Act of 1962, to section 231 or 257(e)(2) of the Trade Expansion Act of 1962

Murray Sklaroff, New York City (Serko & Sklaroff, New York City), attorney of record, for appellant.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Robert B. Silverman, New York City, for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Judges.

---

1. Kurt S. Adler, Inc. v. United States, 68 Cust.Ct. 162, C.D. 4354, 343 F.Supp. 943 (1972).

or to action taken by the President thereunder:

\* \* \* \* \* \*

Czechoslovakia

\* \* \* \* \* \*

(f) *Products of all other countries.* Products of all countries not previously mentioned in this headnote imported into the customs territory of the United States are subject to the rates of duty set forth in column numbered 1 of the schedules.

\* \* \* \* \* \*

6. *Containers or holders for imported merchandise.* For the purposes of the tariff schedules, containers or holders are subject to tariff treatment as follows:

(b) *Not imported empty:* Containers or holders if imported containing or holding articles are subject to tariff treatment as follows:

(i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for, or capable of, reuse, and containers of usual types ordinarily sold at retail with their contents, are not subject to treatment as imported articles. Their cost, however, is, under section 402 or section 402a of the tariff act, a part of the value of their contents and if their contents are subject to an ad valorem rate of duty such containers or holders are, in effect, dutiable at the same rate as their contents, except that their cost is deductible from dutiable value upon submission of satisfactory proof that they are products of the United States which are being returned without having been advanced in value or improved in condition by any means while abroad.

\* \* \* \* \* \*

*Schedule 5, Part 3, Subpart C:*

Christmas ornaments of glass:

\* \* \* \* \* \*

Other:

| | [1] | [2] |
|---|---|---|
| Item 545.85 Valued not over $7.50 per gross ... | 40% ad valorem | 60% ad valorem |

---

19 U.S.C. § 1881:

Most-favored-nation principle

Except as otherwise provided in this subchapter, in section 1351 of this title, or in section 401(a) of the Tariff Classification Act of 1962, any duty or other import restriction or duty-free treatment proclaimed in carrying out any trade agreement under this subchapter or section 1351 of this title shall apply to products of all foreign countries, whether imported directly or indirectly.

The classification of the goods as Christmas ornaments, under item 545.85, is not in controversy. The dispute involves the assessment of duty on the entire importation at the column 2 rate of 60% ad valorem, applicable to products of Czechoslovakia under General Headnote 3(e). Appellant contends that the column 1 rate of 40% ad valorem, applicable to products of West Germany under General Headnote 3(f), should have been assessed on the cost of the inserts and box tops, and that the column 2 rate of 60% should have been assessed only on the cost of the ornaments and box bottoms which were products of Czechoslovakia.

*The Decision and Judgment of the Customs Court*

The Customs Court ruled that the assessment of duty at 60% by the Regional Commissioner was correct and dismissed appellant's action. It grounded its decision upon the provision of General Headnote 6(b)(i) that the usual containers for imported merchandise, such

as those involved here, are not subject to treatment as imported articles, but that their cost is part of the value of their contents and, where the contents are subject to an ad valorem rate of duty, the containers are "in effect, dutiable at the same rate as their contents." The court stated that the phrase " 'in effect' has nothing to do with the classification of usual containers, but is addressed solely to assessment of duty at the ad valorem rate applicable to the contents."[2] (footnote omitted.) It further considered the words "not subject to *treatment* as imported articles" to indicate that Congress intended the containers to be "subject to neither classification nor *assessment of duty* separately from their contents."

Additionally, the court rejected a charge by appellant that the assessment of the cost of the inserts and box tops at the 60% rate violated the most-favored-nation principle, 19 U.S.C. § 1881. It pointed out that the tariff status of merchandise is controlled by its condition at the time of importation into the United States. It stated that when the inserts and box tops arrived in the United States they were no longer "products" of West Germany, but instead were the usual containers of products imported from Czechoslovakia and, as such, subject to the provisions of General Headnote 6(b)(i). Observing that 6(b)(i) must be construed *in pari materia* with General Headnote 3, the court stated:

> Under the introductory paragraph of General Headnote 3, the rates of duty specified in columns numbered 1 and 2 of the schedules apply to imported *"articles"*, whereas in headnote 6(b)(i) Congress manifested its intent that usual containers should not be subjected to treatment as imported *"articles"*. It follows that the inserts and box tops may not be separately assessed at a rate of duty set forth in

column 1 of the schedules pursuant to headnote 3(f). The fact that headnotes 3(e) and 3(f) make reference to "products", while the introductory provision of headnote 3 and headnote 6(b)(i) refer to "articles", is inconsequential as there is no distinction between those two terms in headnotes 3 and 6(b)(i).

### Opinion

Appellant's arguments here are primarily based on the position that the inserts and box tops are "products" of West Germany for the purposes of General Headnotes 3(e), 3(f), and 6(b)(i). However, we agree with the Customs Court that these items had become only parts of the usual containers for the imported ornaments, products of Czechoslovakia, when imported into the United States, and, as such, under General Headnote 6(b)(i), were not subject to treatment as imported articles. We thus find nothing in the aforementioned general headnotes to indicate the assessment of duty here violated any provision of those headnotes. The term "in effect" in General Headnote 6(b)(i) does not suggest, as urged by appellant, that the containers shall receive the same tariff classification as their contents, but not necessarily the identical rate of duty. We agree with the court's interpretation of that term for the reasons advanced by the court and supported by its citation from the *Tariff Classification Schedule* referred to in footnote 2, *supra*.

We also find no error in the holding of the Customs Court that the most-favored nation principle, 19 U.S.C. § 1881, is not violated here. Even aside from the court's construction of headnote 6(b)(i) *in pari materia* with headnote 3 and its reasoning that the inserts and box tops in their condition at the time of importation were not products

---

2. In support of its interpretation of "in effect," the court cited the Tariff Classification Study, Interim Report of March 15,

1955 appearing as Appendix A of the Tariff Classification Study, Submitting Report, November 15, 1960, at page 53.

of West Germany,[3] but rather the usual containers of products imported from Czechoslovakia, it is apparent that the District Director afforded the items in question no less favorable treatment than he would have afforded the same items originating in any other most-favored nation under the same conditions. See Jackson, World Trade and the Law of GATT § 11.3 at 255 (1969).

The judgment of the Customs Court is affirmed.

Affirmed.

3. "[I]t is within the province of each importing member country to determine, in accordance with the provisions of its law, for the purpose of applying the most-favored-nation provision, whether the goods do in fact originate in a particular country." Jackson, World Trade and the Law of GATT, § 17.8 at 468 (1969).