MONTGOMERY WARD & CO., INC. *v.* UNITED STATES

---

[5] The observation in *Rettinger* that the term "composed of" [which is found in 216] has been held to mean "made of" or "manufactured from" or "manufactured of" does not exclude the application of 1558 when it is realized that 1558 similarly provides for "articles manufactured."

Court No. 71-8-00931

(Decided May 21, 1975)

*Barnes, Richardson & Colburn* (*Irving Levine* and *Earl R. Lidstrom* of counsel) for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Gilbert Lee Sandler,* trial attorney), for the defendant.

NEWMAN, Judge: This civil action concerns the proper rate of duty on certain solid-state (tubeless) clock-radios [1] imported from Japan and entered at the port of New York in 1970. The regional commissioner classified the merchandise under item 685.23 of the Tariff Schedules of the United States (TSUS), as modified by T.D. 68-9, and assessed duty at the rate of 11 per centum ad valorem. In liquidating the entry, the clock movements were constructively separated from the radio receivers and assessed with duty in accord-

---

[1] Invoiced as "Model 62-1971: Airline 'Digital' 9-Transistor FM/AM Clock Radio * * *".

ance with headnote 5 of schedule 7, part 2, subpart E. This aspect of the liquidation is not disputed, and in point of fact is relied upon by plaintiff in establishing its claims.

Plaintiff primarily claims that the clock-radios should have been assessed at the rate of 8.5 per centum ad valorem under item 685.25, TSUS, as modified by T.D. 68–9, or, alternatively, at the rate of 10 per centum ad valorem under item 685.50, TSUS, as modified by T.D. 68–9.

### STATUTES INVOLVED

Items 685.23, 685.25 and 685.50 of the Tariff Schedules of the United States, as modified by Presidential Proclamation 3822, T.D. 68–9, read:

> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:
>
> \*   \*   \*   \*   \*   \*   \*
>
> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and parts thereof:
>
> \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| | Other: | |
| 685.23 | Solid-state (tubeless) radio receivers_____ | 11% ad val. |
| 685.25 | Other_____ | 8.5% ad. val. |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| | Other: | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| 685.50 | Other_____ | 10% ad. val. |

Headnote 5 of schedule 7, part 2, subpart E, TSUS, so far as pertinent provides:

5. Combination articles containing watch or clock movements.—
A watch or clock movement (and its dial, if any) in a combination

article is classifiable under the provision applicable to such combination article, but, in determining the duties on the combination article, the movement (and its dial, if any) shall be constructively separated therefrom and assessed with the same rate as would have applied if it has been imported separately. * * *

## The Record

A representative sample of the clock-radios and an accompanying owner's instruction manual were received in evidence. Neither party presented any testimony.

## The Parties' Contentions

There is no dispute that the imports comprised solid-state (tubeless) radio receivers incorporating a clock and are radio reception apparatus within the scope of the superior heading preceding items 685.10 through 685.50 (hereinafter "superior heading").

Defendant contends that, since item 685.23 is qualified by the language in the superior heading "all of the foregoing * * * whether or not incorporating clocks or other timing apparatus", solid-state clock-radios are properly dutiable under item 685.23.

Plaintiff, on the other hand, insists that item 685.23 is not qualified by the "whether or not" phrase in the superior heading because: (1) pursuant to Presidential Proclamation 3822, item 685.23 was "carved out" of former item 685.22 (which, *intef alia*, covered radio reception apparatus), and therefore, the scope of item 685.23 must be strictly construed to include only solid-state radio receivers, and to exclude combination articles like clock-radios; and (2) "Solid-state (tubeless) radio receivers" are not enumerated *eo nomine* in the superior heading.

Primarily, it is claimed by plaintiff that solid-state clock-radios are properly dutiable under item 685.25 since that item covers, *inter alia*, radio reception apparatus (except that covered by item 685.23) and is modified by the "whether or not" phrase in the superior heading. Plaintiff's alternative claim is predicated upon "legislative history demonstrating that Congress expected clock-radios to be classified, as alternatively claimed, as other combination articles under item 685.50, TSUS".

## The Issues

1. Is the "whether or not" phrase in the superior heading applicable to item 685.23?

2. If the clock movements exclude clock-radios from classification under item 685.23, are clock-radios properly dutiable under item 685.25, as primarily claimed, or under item 685.50, as alternatively claimed?

I have concluded that item 685.23 covers solid-state (tubeless) radio receivers, whether or not incorporating clocks or other timing apparatus. Therefore, the subject merchandise was properly classified by the regional commissioner.

### Plaintiff's Claim Under Item 685.25

In the original Tariff Schedules of the United States, effective August 31, 1963, item 685.22 read as follows:

> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

\*          \*          \*          \*          \*          \*          \*

| | | | |
|---|---|---|---|
| | Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcastitg and television transmission and reception apparatus, and parts thereof: | | |
| 685.20 | Television apparatus, and parts thereof_____ | \* \* \* | |
| 685.22 | Other_____ | \* \* \* | |

There is no dispute that item 685.22 covered, *inter alia,* radio reception apparatus, whether or not incorporating clocks or other timing apparatus. *Ergo,* clock-radios were originally dutiable under item 685.22. However, pursuant to Presidential Proclamation 3822, T.D. 68–9 (Kennedy Round), effective January 1, 1968, item 685.22 was deleted from the schedules, and in lieu thereof two new article descriptions (items 685.23 and 685.25) were indented below an inferior heading "Other". In effect, then, item 685.22 was subdivided into two new merchandise classifications: item 685.23, for "Solid-state (tubeless) radio receivers"; and item 685.25, covering "Other".

Plaintiff thus contends that item 685.23 was "carved out" of item 685.22 to include one specific category of merchandise, and that item 685.22 was then redesignated as item 685.25. Hence, it is plaintiff's position that merchandise formerly classifiable under item 685.22 (including clock-radios) was, with the exception of solid-state (tubeless) radio receivers (item 685.23), transferred to item 685.25. Continuing, plaintiff further contends "that when a category of merchan-

dise is carved out of an existing statutory provision, the scope of the carved provision must be strictly construed". Accordingly, plaintiff urges that "item 685.23 is limited to radio receivers and cannot be used as the classification provision for an article which contains additional features thereto [viz., clock-radios]".

Additionally, the plaintiff argues that while radio reception apparatus is among the articles specifically enumerated in the superior heading, solid-state (tubeless) radio receivers are not mentioned therein *eo nomine;* that consequently, the "whether or not" phrase in the superior heading "only alters the scope of the provision for radio reception apparatus (item 685.25) and does not enlarge a term covering merchandise not specifically enumerated in the heading (item 685.23)". Plaintiff, therefore, claims that solid-state clock-radios are properly dutiable under item 685.25 rather than item 685.23.

In sum, plaintiff's position is that the "whether or not" phrase in the superior heading qualifies item 685.25, but not item 865.23; defendant's position is that the "whether or not" phrase qualifies each and every item listed under the superior heading (including item 685.23), so that each item embraces the named article, whether or not it incorporates a clock or other timing apparatus.

I agree with defendant's position. It is difficult to conceive how Congress could better have expressed its intent that the "whether or not" phrase shall modify or qualify each and every article description subordinate to the superior heading than by utilizing the all-inclusive antecedent language "all of the foregoing, and any combination thereof". Thus, item 685.23 must be construed as if the "whether or not" phrase had been actually engrafted on that provision, to wit: "Solid-state (tubeless) radio receivers, whether or not incorporating clocks or other timing apparatus".[2]

Plaintiff concedes that if item 685.23 were a statutory provision, its scope would be "expanded" by the "whether or not" phrase of the superior heading.[3] However, even where the tariff schedules are modified by executive action pursuant to a trade agreement, a newly created article description indented below a superior heading (viz., item 685.23) must be deemed subject to the terms of its superior heading, unless otherwise provided. There is no evidence that the trade agreement negotiators intended that item 685.23 be excepted from the "whether or not" phrase. Rather, by making item 685.23 subordinate

---

[2] Similarly, item 685.30, in effect, provides; "Radio-phonograph combinations, whether or not incorporating clocks or other timing apparatus". *Cf. Velan Steam Spec. & Velan Valve Corp.* v. *United States*, 57 CCPA 58, C.A.D. 976, 420 F. 2d 1399 (1970) (parts provision in superior heading read into subordinate article description wherein parts were not expressly mentioned).

[3] There is no dispute that the superior heading has statutory status. See section 108 of the Tariff Classification Act of 1962, Public Law 87-456, 76 Stat. 72, as amended.

131

to the superior heading, the negotiators evinced an intent that the provision be subject thereto and to the manifest purpose of the "whether or not" phrase to render irrelevant for classification purposes the presence or absence of clocks or other timing apparatus.

Finally, plaintiff argues that under headnote 5 of schedule 7, part 2E, a combination article containing a clock (e.g., a clock-radio) must be classified under a provision of the schedules covering the combination article, and not under an *eo nomine* designation which is limited solely to one characteristic of the merchandise. Thus, plaintiff contends, "Item 685.23 is a specific *eo nomine* designation and is limited by its own terms to the article named therein; i.e., "solid-state (tubeless) radio receivers".

But again, it must be emphasized that the "whether or not" phrase in the superior heading qualifies all of the provisions subordinate to the superior heading. *A fortiori*, item 685.23 covers solid-state (tubeless) clock-radios; and, in the words of headnote 5, is the "provision applicable to such combination article".

PLAINTIFF'S ALTERNATIVE CLAIM

UNDER ITEM 685.50

Turning now to the alternative claim under item 685.50, plaintiff contends: "Although both parties agree that the merchandise should be classified under one of the provisions indented under the heading for radio reception apparatus (either item 685.23 or item 685.25) * * * it appears from House Report 342, *supra* [H.R. Report No. 342 (May 12, 1965) accompanying H.R. 7969 (Public Law 89–241)], that in 1965 Congress understood that the combination article known as a clock-radio was classifiable under item 685.50".

H.R. Report No. 342 states, so far as pertinent (at page 37):

TARIFF SCHEDULES TECHNICAL AMENDMENTS ACT

SECTION 53. COMBINATION ARTICLES CONTAINING WATCH OR CLOCK MOVEMENTS

The articles to which section 53 relates are combination articles such as clock-radios, clock-thermometer-barometer combinations, and pocket lighter-watch combinations.

*　　*　　*　　*　　*　　*　　*

*2. Treatment under the tariff schedules of the United States.* In the TSUS, an effort was made to treat specifically with the known popular forms of the combination articles in question which had previously been the subject of the aforementioned customs practice in item 685.50 (clock-radios) * * *.

Section 53 was renumbered section 63 in Public Law 89–241 (Tariff Schedules Technical Amendments Act of 1965) and was inserted into the tariff schedules as headnote 5 of schedule 7, part 2E.

With reference to the above-quoted comment in H.R. Report No. 342, plaintiff asserts in its brief (page 15):

> This Congressional statement of its expectation that clock-radios be classified in item 685.50 also clarifies the manner in which the phrase "all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus," in the heading was intended to operate.

> If a radio imported with an incorporated clock is considered a combination article (not classifiable under the provision for radio reception apparatus) a radio-phonograph combination with an incorporated clock would likewise not be classifiable under the *eo nomine* provision for radio-phonograph combinations in item 685.30. Both of these articles of merchandise would be classifiable under item 685.50 as other combination articles. It appears, therefore, that Congress intended to classify in items 685.10 through 685.42 only those precise articles named. Any article containing a clock or other timing apparatus, or any combination of the articles named in the heading but not strictly within the scope of any particular provision indented thereunder is, therefore, classifiable under item 685.50, TSUS.

Thus, plaintiff urges that Congress intended the "whether or not" phrase in the superior heading be, in effect, disregarded respecting items 685.10 through 685.42 and applied solely to item 685.50. Stated otherwise, plaintiff argues that all articles enumerated in the superior heading are classifiable in item 685.50 if they incorporate clocks or other timing apparatus. Patently, such construction is not supported by the language of the statute.

If the "whether or not" phrase had been intended to be applicable solely to item 685.50, surely the phrase would not have been included in the superior heading and prefaced with the broad inclusive language *"all of the foregoing, and any combination thereof"*, which language plainly is applicable to all the merchandise descriptions subordinate to the superior heading (items 685.10 through 685.50). In short, this clear statutory directive must be deemed dispositive of the legislative intent. The applicable principle was enunciated in *Aceto Chemical Co., Inc.* v. *United States*, 59 CCPA 212, 219, C.A.D. 1069, 465 F.2d 908, 913–14 (1972):

> * * * the cardinal rule of statutory interpretation is to give effect to the intent of the legislature. *United States* v. *Simon Saw & Steel Co.*, 51 CCPA 33, 40, C.A.D. 834 (1964); *United Metal Goods Mfg. Co.* v. *United States*, 46 CCPA 120, 122, C.A.D. 712 (1959). The "first and most obvious" method of ascertaining Congressional intent is to examine the statute itself, *Simon Saw &*

*Steel*, 51 CCPA at 40. See also *United States* v. *Border Brokerage Co.*, 48 CCPA 10, 13, C.A.D. 754 (1960); *A. W. Fenton Co.* v. *United States*, 55 CCPA 54, 58, C.A.D. 933 (1968). Where the language of the tariff provision in issue is free of ambiguity, resort to extrinsic aids of construction, such as legislative history as an indicia of legislative intent, is unwarranted. *J. E. Bernard & Co.* v. *United States*, 57 CCPA 52, 58, 420 F.2d 1403, 1407, C.A.D. 975 (1970); *Air Express International Agency, Inc.* v. *United States*, 53 CCPA 11, 14, C.A.D. 869 (1966).

Further, in *American Customs Brokg. Co., a/c Hamakua Mill Co.* v. *United States*, 58 CCPA 45, 48, C.A.D. 1002, 433 F.2d 1340, 1341 (1970), our appellate court stated:

> Regardless of what may have been intended by item 666.20, we cannot ignore the fact that the invasionary headnote to subpart A is applicable to all of part 4, including item 666.20. *We cannot use an indication of Congressional intent alone to overcome the clear meaning of the words of a statute.* * * * [Emphasis added.]

See also: *Commercial Shearing* v. *United States*, 59 CCPA 203, 206, C.A.D. 1067, 464 F.2d 1048 (1972); *Great Western Sugar Co.* v. *United States*, 59 CCPA 56, C.A.D. 1038, 452 F.2d 1394 (1972).

However, if extrinsic aids of construction, such as legislative history, are warranted, I believe the following significant comment in the *Tariff Classification Study Explanatory and Background Materials* (November 15, 1960), schedule 6, part 5, page 305,[4] indicates the scope of item 685.50 intended by its framers:

> Item 685.10 covers television cameras * * *. Item 685.20 covers radio telegraphic and radio telephonic transmission and reception apparatus and radio broadcasting and television transmission and reception apparatus. * * * Item 685.30 covers record players, phonographs, radio-phonograph combinations, record changers, turn-tables and tone arms. * * * Item 685.40 covers tape recorders and dictation recording and transcribing machines * * *. Item 685.50 covers certain *combinations of some of the articles previously mentioned* * * *. [Emphasis added.]

Upon analysis of the foregoing comment, it is apparent that the phrase "combinations of some of the articles previously mentioned" refers to those combination articles embraced by the language in the superior heading "any combination thereof". The word "thereof"

---

[4] This study was submitted by the Tariff Commission to Congress prior to the effective date of the TSUS, and is regarded by the courts as an authoritative source for determining legislative intent. See: *Certified Blood Donor Services, Inc.* v. *United States*, 62 CCPA 66, C.A.D. 1147, 511 F.2d 572 (1975); *Kurt S. Adler, Inc.* v. *United States*, 61 CCPA 68, C.A.D. 1122, 496 F.2d 1220 (1974); *Albert E. Price, Inc.* v. *United States*, 60 CCPA 127, C.A.D. 1095, 476 F.2d 1354 (1973); *Wayne Withrow Conrac Division* v. *United States*, 60 CCPA 144, C.A.D. 1101, 477 F.2d 1393 (1973); *United States* v. *Cavalier Shipping Co., Inc.*, 60 CCPA 152, C.A.D. 1103, 478 F.2d 1256 (1973); *United States* v. *Precise Imports Corp.*, 59 CCPA 113, C.A.D. 1050, 458 F.2d 1376 (1972); *United States* v. *Pharmacia Fine Chemicals, Inc.*, 59 CCPA 196, C.A.D. 1066, 463 F.2d 1370 (1972); *United States* v. *Andrew Fisher Cycle Co.*, 57 CCPA 102, C.A.D. 986, 426 F.2d 1308 (1970); *Rifkin Textiles Corp* v.. *United States*, 54 CCPA 138, C.A.D. 925 (1967), *cert. denied*, 389 U.S. 931 (1967).

obviously refers to the articles previously enumerated in the superior heading. Therefore, while clock-radios are within the scope of headnote 5 of schedule 7, part 2E, nevertheless the combination articles covered by item 685.50 are not those created by incorporating a clock or other timing apparatus in an article. Rather, the combination articles within the scope of item 685.50 are those created by a combination of some of the articles mentioned in the heading *antecedent* to the phrase "and any combination thereof, *whether or not* incorporating clocks or other timing apparatus". (Emphasis added.)

In summary, I am clear that solid-state (tubeless) radio receivers are properly dutiable under item 685.23, whether or not incorporating clocks or other timing apparatus; and hence the instant clock-radios were properly assessed by the regional commissioner.

This action is dismissed, and judgment will be entered accordingly.