**GENERAL ELECTRIC COMPANY,**
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

**C.D. 4822; Court No. 75–5–01117.**

United States Customs Court.

Sept. 11, 1979.

Freeman, Meade, Wasserman & Schneider, New York City (Louis Schneider, Herbert Peter Larsen, New York City, and Bryce MacDonald, Syracuse, of counsel), for plaintiff.

Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Atty. in Charge, Field Office for Customs Litigation, New York City, for defendant.

NEWMAN, Judge:

Plaintiff challenges the customs classification of certain solid-state (tubeless) clock-radios (models C4305 and C4335A) exported from Taiwan and entered at the ports of Spokane, Washington and Seattle-Tacoma Airport, Washington in 1971. The parties agree there is no justiciable issue as to any material fact, and have cross-moved for summary judgment pursuant to Rule 8.2(a) of this Court. In support of their respective motions, the parties have submitted memoranda and various documentary exhibits.

Plainly, then, this is the classic instance for a constructive utilization of the summa-

ry judgment route, thereby obviating the necessity of a trial in reaching a prompt disposition of the issues.

It appears that the district director of customs classified the merchandise under the provision in item 685.23, TSUS, as modified by T.D. 68–9, for solid-state (tubeless) radio receivers, and assessed duty at the rate of 10.4 per centum ad valorem. Additionally, pursuant to schedule 7, part 2, subpart E, headnote 5, the clock movements were constructively separated from the remainder of the merchandise and separately assessed with duty at the rate of 45 cents per clock, the rate applicable to item 720.02, TSUS, as modified by T.D. 68–9.

Plaintiff claims that the proper classification for the clock-radios is under the provision for "Other" in item 685.50, TSUS, as modified by T.D. 68–9, with duty either at the rate of 9 per centum ad valorem, or alternatively under the provision for "Other" in item 685.25, TSUS, as modified by T.D. 68–9, with duty at the rate of 7 per centum ad valorem.[1]

For the reasons indicated hereinafter, defendant's motion is granted; plaintiff's cross-motion is denied.

## STATUTES INVOLVED

Items 685.23, 685.25 and 685.50 of the Tariff Schedules of the United States, as modified by Presidential Proclamation 3822, T.D. 68–9, read:

> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:
>
> \* \* \* \* \* \* \*
>
> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcast-

ing and television transmission and reception apparatus, and parts thereof:

\* \* \* \* \* \* \*

Other:

| | | |
|---|---|---|
| 685.23 | Solid-state (tubeless) radio receivers | 10.4% ad val. |
| 685.25 | Other | 7% ad val. |

\* \* \* \* \* \* \*

Other:

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| 685.50 | Other | 9% ad val. |

Headnote 5 of schedule 7, part 2, subpart E, TSUS, so far as pertinent provides:

> 5. *Combination articles containing watch or clock movements.*—A watch or clock movement (and its dial, if any) in a combination article is classifiable under the provision applicable to such combination article, but, in determining the duties on the combination article, the movement (and its dial, if any) shall be constructively separated therefrom and assessed with the same rate as would have applied if it had been imported separately. \* \* \*

## OPINION

### 1.

■ There is no dispute that the imports herein comprise solid-state (tubeless) clock-radios. In light of the Government's classification of the merchandise under item 685.-23 and plaintiff's alternative claims under items 685.50 and 685.25, the identical issue presented in *Montgomery Ward & Co., Inc. v. United States,* 74 Cust.Ct. 125, C.D. 4596 (1975) is again before us.[2]

In *Montgomery Ward,* it was held that the provision in item 685.23 for solid-state (tubeless) radio receivers was qualified by the "whether or not" phrase in the superior heading, thus effectuating the clearly manifested Congressional intent to make the presence or absence of a clock or other

1. In its complaint (paragraph 10), plaintiff contests the separate assessment of duties on the clock movements pursuant to headnote 5, schedule 7, part 2 E, but in its reply brief, p. 30, plaintiff states that it is not challenging the separate assessment at this time. Accordingly, that claim is dismissed.

2. However, in *Montgomery Ward,* plaintiff's primary claim was item 685.25, and its alternative claim was 685.50.

timing apparatus irrelevant to the classification of the merchandise embraced by the superior heading and inferior indented subheadings. Consequently, I concluded that the solid-state clock-radios in *Montgomery Ward* were properly classified by the Government under item 685.23, and in that connection, commented (74 Cust.Ct. at 130):

> I agree with defendant's position. It is difficult to conceive how Congress could better have expressed its intent that the "whether or not" phrase shall modify or qualify each and every article description subordinate to the superior heading than by utilizing the all-inclusive antecedent language "all of the foregoing, and any combination thereof". Thus, item 685.23 must be construed as if the "whether or not" phrase had been actually engrafted on that provision, to wit: "Solid-state (tubeless) radio receivers, whether or not incorporating clocks or other timing apparatus".[2]

[2] Similarly, item 685.30, in effect, provides: "Radio-phonograph combinations, whether or not incorporating clocks or other timing apparatus". *Cf. Velan Steam Spec. & Velan Valve Corp. v. United States*, 57 CCPA 58, C.A.D. 976, 420 F.2d 1399 (1970) (parts provision in superior heading read into subordinate article description wherein parts were not expressly mentioned).

Predicated upon the *Tariff Classification Study Explanatory and Background Materials* (Nov. 15, 1960), schedule 6, part 5, page 305, and the language of the superior heading, I also determined in *Montgomery Ward* that the combination articles covered by item 685.50 (Montgomery Ward's alternative claim) are not those created by incorporating a clock or other timing apparatus in another article (*viz.*, a radio), but rather are those created by a combination of some of the articles mentioned in the superior heading antecedent to the phrase "and any combination *thereof*", whether or not incorporating a clock or other timing apparatus". (Emphasis added.) Thus, in *Montgomery Ward*, it was observed (74 Cust.Ct. at 133–34):

> However, if extrinsic aids of construction, such as legislative history, are warranted, I believe the following significant

comment in the *Tariff Classification Study Explanatory and Background Materials* (November 15, 1960), schedule 6, part 5, page 305,[4] indicates the scope of item 685.50 intended by its framers:

> Item 685.10 covers television cameras * * *. Item 685.20 covers radio telegraphic and radio telephonic transmission and reception apparatus and radio broadcasting and television transmission and reception apparatus. * * * Item 685.30 covers record players, phonographs, radio-phonograph combinations, record changers, turn-tables and tone arms. * * * Item 685.40 covers tape recorders and dictation recording and transcribing machines * *. Item 685.50 covers certain *combinations of some of the articles previously mentioned* * * *. [Emphasis added.]

Upon analysis of the foregoing comment, it is apparent that the phrase "combinations of some of the articles previously mentioned" refers to those combination articles embraced by the language in the superior heading "any combination thereof". The word "thereof" obviously refers to the articles previously enumerated in the superior heading. Therefore, while clock-radios are within the scope of headnote 5 of schedule 7, part 2 E, nevertheless the combination articles covered by item 685.50 are not those created by incorporating a clock or other timing apparatus in an article. Rather, the combination articles within the scope of item 685.50 are those created by a combination of some of the articles mentioned in the heading *antecedent* to the phrase "and any combination thereof, *whether or not* incorporating clocks or other timing apparatus". (Emphasis added.) [Footnote 4 omitted.]

## 2.

The thrust of the Government's position is that *Montgomery Ward* is *stare decisis* in the present case since plaintiff has not shown that decision to be erroneous. Plaintiff, however, insists that the *Montgomery Ward* decision is incorrect for the reasons

discussed *infra*, and therefore should not be followed. In essence, plaintiff posits that the "whether or not" phrase in the superior heading is not applicable to item 685.23 because such phrase is not repeated in that item after the *eo nomine* provision for "Solid-state (tubeless) radio receivers"; and that a radio incorporating a clock is a "combination article" classifiable only under the residual provision "Other" in item 685.50.

3.

■ Fundamentally, unless shown to be erroneous, a prior decision should be regarded as *stare decisis* in a subsequent case involving the same merchandise and legal issues. See *United States v. L. Batlin & Son, Inc.*, 487 F.2d 916, 61 CCPA 17, 19, C.A.D. 1111 (1973); *United States v. Dodge & Olcott, Inc.*, 47 CCPA 100, 102–3, C.A.D. 737 (1960); *United States v. Mercantil Distribuidora, S.A., et al.*, 45 CCPA 20, 23–24, C.A.D. 667 (1957). See also an article authored by Chief Judge Re, "Stare Decisis", presented at a Seminar for Federal Appellate Judges, 79 F.R.D. 509 (1979).

Plaintiff maintains that *Montgomery Ward* has been implicitly overruled by the recent decision of the Court of Customs and Patent Appeals in *United States v. Paul M. W. Bruckmann,* 582 F.2d 622, 65 CCPA 90, C.A.D. 1211 (1978). There, the dispute was whether certain "lamp parts" were classifiable under the *eo nomine* provision for incandescent lamps in item 653.30, TSUS, or under the residual item 653.39 ("Other"). The superior heading preceding item 653.30 covers certain articles and *parts,* but the indented subheading, item 653.30, does not expressly include parts. The question for determination was whether item 685.30 should be construed to include parts. In holding that the *eo nomine* subheading item 653.30 does not include parts, Judge Baldwin, writing for a majority of the Court, relied upon the well-settled rule that an *eo nomine* provision that does not specifically provide for parts does not include parts.

*Bruckmann* distinguished *Velan Steam Spec. & Velan Valve Corp. v. United States,* 420 F.2d 1399, 57 CCPA 58, C.A.D. 976 (1970), wherein the Court of Customs and Patent Appeals held that a parts provision in a superior heading could be read into a subheading not explicitly covering parts. In *Bruckmann,* however, Judge Baldwin noted that the subheading involved in *Velan* was "adjectival" rather than *eo nomine* in form, meaning that the subheading contained no noun, but merely qualified the noun or nouns contained in the superior heading. Hence, *Bruckmann* rejected the *Velan* rationale respecting subheadings of the *eo nomine* type.

In its brief, plaintiff correctly points out that item 685.23 is an *eo nomine* provision,[3] but erroneously asserts that the *Montgomery Ward* decision "relied" upon *Velan*. On this score, plaintiff has failed to note that in *Montgomery Ward* the *Velan* case was cited in a *footnote* (74 Cust.Ct. at 130, n. 2) solely for *comparison,* as evidenced by the preceding signal "*Cf.*"

Indeed, *Bruckmann* is readily distinguishable from the present case. *Bruckmann* was concerned with a provision for *parts,* and the linchpin of the decision was the well-established rule that an *eo nomine* provision does not include parts unless expressly so mentioned. Clearly, that rule has no application in the present case. I know of no general rule that *eo nomine* provisions are not subject to the qualification of a "whether or not" phrase. The legislative intent to be inferred from that phrase in a superior heading is quite different from a provision for parts.

A "parts" provision in a superior heading is merely a merchandise description, whereas a "whether or not" phrase is essentially qualifying language. In the context of the superior heading before us, such qualifying language is implicitly invasive of all the subordinate indented provisions by virtue of the immediately antecedent language "*all* of the foregoing, and any combination

---

**3.** "An *eo nomine* provision is one which names a specific product or describes a commodity by a specific name". *Travenol Laboratories, Inc.*

*v. United States*, 83 Cust.Ct. ——, C.D. 4812 (1979).

*thereof*" (emphasis added).[4] As I stated in *Montgomery Ward* (74 Cust.Ct. at 132):

If the "whether or not" phrase had been intended to be applicable solely to item 685.50, surely the phrase would not have been included in the superior heading and prefaced with the broad inclusive language "all of the foregoing, and any combination thereof", which language plainly is applicable to all the merchandise descriptions subordinate to the superior heading (items 685.10 through 685.-50). In short, this clear statutory directive must be deemed dispositive of the legislative intent. \* \* \*

Since the "whether or not" language as used in the context of the superior heading to items 685.10–685.50 is qualifying language and implicitly invasive, it is immaterial whether subheading 685.23 is of the *eo nomine* or adjectival type. Moreover, the invasive character of the "whether or not" language in the superior heading would make recitation of such language in each of the indented subheadings redundant.

To sum up, the "whether or not" language in the superior heading before us is distinguishable in principle from the parts provision in the superior heading in *Bruckmann*, and consequently *Bruckmann* does not overrule *Montgomery Ward*.

### 4.

Plaintiff also maintains that the documentary materials submitted in support of its cross-motion establish an intent by the trade negotiators to exclude clock-radios from the scope of item 685.23. In *Montgomery Ward*, no such intent was demonstrated.

According to plaintiff, documents received from the State Department show that the negotiators were concerned with solid-state radios distinguished by their miniaturization and portability, and that item 685.23 was intended to be limited to such portable radios. Plaintiff asserts that since portability is not a feature of clock-radios,

they are not within the intended scope of item 685.23. Although the documents submitted by plaintiff make reference to portability as one of the hallmarks of solid-state circuitry, nowhere do the documents evince any intent by the negotiators to limit item 685.23 to portable radios or to exclude clock-radios.

Significantly, exhibit H in plaintiff's submissions reviews the history of the statistical breakout provisions for radio receivers, and shows that effective January 1, 1970, the 484(e) Committee for the Statistical Annotation of the Tariff Schedules inserted under item 685.23 a statistical annotation for clock-radios as item 685.2330. Thereafter, new clock-movement statistical annotations were provided in the schedules to reflect variations in the type of radio (AM or other) and the type of timer (digital or other).

### 5.

Plaintiff further argues that item 685.23 is not qualified by the "whether or not" phrase in its superior heading because that item was inserted into the tariff schedules as a new *eo nomine* provision. This contention is without merit. Item 685.23 was inserted in the schedules as a breakout of the radio reception apparatus provision covering all radio receivers (solid-state and otherwise), which provision is expressly qualified by the "whether or not" language in the superior heading. It must be assumed that had any exception to that language been intended, such exception would be reflected in the language of item 685.23. Defendant accurately points out that "whether or not" phrases in superior headings are commonplace in the Tariff Schedules, and many examples can be cited to demonstrate that exceptions to those phrases are expressly specified. See, *e. g.*, items 110.15–110.36, item 111.64, items 140.60–140.75, items 170.20–170.46, items 352.10–352.80, items 609.80–609.86, items 647.01–647.10. *Cf.* items 119.50–119.70, items 141.05–141.-

---

**4.** Subordinate indented provisions are, of course, breakouts of the merchandise described in the preceding superior heading for the purpose of applying individual rates of duty and

statistical annotations. See *Tariff Classification Study Submitting Report* (Nov. 15, 1960), pp. 9–10.

55, items 165.15–165.70 wherein no exceptions are expressed.

### 6.

Plaintiff additionally advances the argument that the statutory provisions involved in this case are ambiguous, and therefore Congressional intent should be ascertained from "legislative history". On this aspect, plaintiff relies upon H.R.Report No. 342 (May 12, 1965) accompanying H.R. 7969, the Tariff Schedules Technical Amendments Act of 1965 (Public Law 89–241). On page 37 of that report there appears a parenthetical reference to clock-radios indicating that *in 1965* the Committee on Ways and Means understood that clock-radios were classifiable under item 685.50. In *Montgomery Ward*, the plaintiff relied upon this same report to support its alternative claim under item 685.50; but I did not find the parenthetical reference to clock-radios to be dispositive of Congressional intent respecting the scope of item 685.50. Here, plaintiff characterizes the report as "crucial to the outcome of this case" (reply brief, at 6). Defendant points out that the parenthetical reference to clock-radios in H.R.Report No. 342 is not part of the legislative history of item 685.50, but represents merely a comment on a *previously adopted* provision of the Tariff Schedules. Accordingly, defendant urges that the report not be relied upon as indicative of Congressional intent to classify clock-radios under item 685.50.

I agree with defendant's position for the reasons previously expressed in *Montgomery Ward*, 74 Cust.Ct. at 132–33. And as aptly put by Judge Baldwin in *Costa International Corp. v. United States*, 434 F.2d 1053, 58 CCPA 48, 53, C.A.D. 1003 (1970), the Court "cannot permit the clear meaning of the statutory language to be overcome merely by a showing of a possibly contrary legislative intent".

As observed in *Montgomery Ward*, if resort to extrinsic aids to construction is necessary in this case (and I think it is not necessary), the *Tariff Classification Study Explanatory and Background Materials* (Nov. 15, 1960), schedule 6, part 5, page 305, reflect the intent of the drafters of the Tariff Schedules respecting the scope of item 685.50. 74 Cust.Ct. at 133. Inasmuch as the *Tariff Classification Study* was before Congress *prior* to the adoption of the schedules, obviously such study is a more reliable indication of Congressional intent respecting the scope of item 685.50 than is the parenthetical comment in H.R.Report No. 342.[5] *Cf. General Instrument Corp. v. United States*, 480 F.2d 1402, 60 CCPA 178, 184, C.A.D. 1106 (1973).

Plaintiff insists that the Tariff Commission failed to describe the full scope of item 685.50 in the *Tariff Classification Study* (Nov. 15, 1960), schedule 6, part 5, page 305, and the Court must look also at the *Third Supplemental Report* of May 7, 1963, at page 58. I have carefully examined page 58 of the *Third Supplemental Report* (exhibit E(2) attached to plaintiff's brief), and suffice it to state I see nothing therein which supports plaintiff's claim that item 685.50 covers clock-radios.

### 7.

Lastly, we consider plaintiff's contention that my decision in *Symphonic Electronics Corp. v. United States*, 77 Cust.Ct. 147, C.R.D. 76–5 (1976) indicates that a radio receiver cannot incorporate a clock without ceasing to be a radio receiver and becoming something more than a radio receiver.

In *Symphonic Electronics*, the sole issue was whether certain tuner amplifiers without a cabinet, loudspeaker, control knobs or calibrated station dial were classifiable under item 685.23, TSUS. Cross-motions for summary judgment were denied for the reason that triable issues of fact existed concerning the essential components of a "radio receiver" as that term is commonly understood in the electronics industry, and

---

5. Plaintiff erroneously states (brief, at 24) that H.R.Report No. 342 shows that originally the administrative practice under the TSUS was to classify clock-radios under item 685.50. However, the only customs practice referred to in the report under section 53 is that of classifying the clock movement separately in paragraph 367(a) or 368(a) of the Tariff Act of 1930, and the rest of the combination article under paragraph 353.

whether tuner amplifiers of the type involved in the case were commonly regarded and sold in the trade as "radio receivers". The tuner amplifiers did not incorporate a clock, and no issue was presented concerning the applicability of the "whether or not" phrase in the superior heading to item 685.23. Hence, plaintiff's reliance on *Symphonic Electronics* is misplaced.

A radio receiver that incorporates a clock (viz., a clock-radio) is obviously more than a radio receiver. Nonetheless since item 685.23, as I interpret that provision, encompasses solid-state radio receivers, whether or not they incorporate a clock or other timing apparatus, there is no merit in plaintiff's contention that the "more than" doctrine excludes clock-radios from item 685.23. Moreover, the separate assessment of duties on the clock movements pursuant to headnote 5, schedule 7, part 2 E is not inconsistent with the classification of the clock-radios under item 685.23, inasmuch as incorporation of a clock does not exclude solid-state (tubeless) radios from classification under item 685.23.

In summary, admittedly there is no genuine issue as to any material fact. I have carefully considered the new legal arguments presented by plaintiff, which were not raised or considered in *Montgomery Ward*, but the inescapable conclusion from the clear statutory language is that solid-state (tubeless) radio receivers are properly classifiable under item 685.23, "whether or not incorporating clocks, or other timing apparatus". To relegate the classification of solid-state (tubeless) radio receivers to residual item 685.50 because they incorporate a clock, as claimed by plaintiff, would frustrate the clear purpose of inserting the "whether or not" phrase in the superior heading.

For the reasons indicated, defendant's motion for summary judgment is granted; plaintiff's cross-motion for summary judgment is denied; and the action is hereby dismissed.