**GENERAL ELECTRIC COMPANY,**
Appellant,

v.

**The UNITED STATES, Appellee.**

Appeal No. 79–39.
C.A.D. 1245.

United States Court of Customs
and Patent Appeals.

May 1, 1980.

Rehearing Denied July 3, 1980.

Louis Schneider and Herbert Peter Larsen, New York City, Attys. of record, for appellant.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Joseph I. Liebman, New York City, Atty. in Charge Field Office for Customs Litigation.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Associate Judges and FORD, Judge.*

BALDWIN, Judge.

■ This appeal is from the judgment of the United States Customs Court, 83 Cust.Ct. ——, C.D. 4822, 476 F.Supp. 1082 (1979), sustaining the classification of imported merchandise by the United States Customs Service under item 685.23, Tariff Schedules of the United States (TSUS). We affirm.

The merchandise, entered from Taiwan in 1971, consists of clock radios comprising solid-state (tubeless) radio receivers in combination with clock movements and dials, and was classified as "solid-state (tubeless) radio receivers" under item 685.23. Appellant urges that the clock radios are combination articles classifiable under item 685.50 for "other."

The relevant portions of the TSUS, as modified by Presidential Proclamation 3822, T.D. 68–9, are as follows:

SCHEDULE 6.—METALS AND METAL PRODUCTS

Part 5.—Electrical Machinery and Equipment

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

\* \* \* \* \* \* \* \*

Other:

685.23 Solid-state (tubeless) radio receivers ............10.4% ad val.

\* \* \* \* \* \* \* \*

Other:

\* \* \* \* \* \* \* \*

685.50 Other ....................9% ad val.

Additionally the clock movements and dials were constructively separated from the remainder of the merchandise and separately assessed under item 720.02, pursuant to Schedule 7, Part 2, Subpart E, Headnote 5, which reads in relevant part:

5. *Combination articles containing watch or clock movements.—*

A watch or clock movement (and its dial, if any) in a combination article is classifiable under the provision applicable to such combination article, but, in determining the duties on the combination article, the movement (and its dial, if any) shall be constructively separated therefrom and assessed with the same rate as would have applied if it had been imported separately.

Appellant does not contest the separate assessment on the clock movements and dials under item 720.02. The parties agreed there was no justiciable issue over any material fact, and cross-moved for summary judgment. The Customs Court granted the motion for the United States and denied appellant's cross-motion, thus sustaining the classification of the subject merchandise under item 685.23.

After a thorough consideration of the record, briefs, and oral argument, we conclude that there is no reversible error in the decision and opinion of Judge Newman and adopt it as our own.

■ We agree with the reasoning of Judge Newman that the phrase "whether or not incorporating clocks or other timing apparatus" contained in the superior heading applicable to items 685.10 through 685.-50 is essentially qualifying language implicitly invasive of all the subordinate indented provisions by virtue of the immediate antecedent language "all of the foregoing, and any combination thereof."

■ We further agree that the "whether or not" language is distinguishable in principle from the "parts" provision in the superior heading considered by this court in *United States v. Bruckmann,* 65 CCPA 90, C.A.D. 1211, 582 F.2d 622 (1978), and that *Bruckmann* did not overrule the case of *Montgomery Ward & Co., Inc. v. United States,* 74 Cust.Ct. 125, C.D. 4596 (1975). Judge Newman has correctly noted that the

* The Honorable Morgan Ford, United States Customs Court, sitting by designation.

combination articles covered by item 685.50 are not those created by incorporating a clock or other timing apparatus in an article such as a radio, but rather are those created by a combination of some of the articles mentioned in the superior heading antecedent to the phrase "and any combination thereof, whether or not incorporating clocks or other timing apparatus."

The decision and judgment of the Customs Court is *affirmed*.